UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-189-SEB-MJD-05 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| ERIC KING | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☒ FACTORS CONSIDERED: Defendant filed a pro se motion that the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 725.

To the extent Defendant is asking the Court to allow him to serve the rest of his sentence of incarceration on home detention, his request is denied. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Defendant's sentence to be served on home detention. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Defendant's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home

confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

With respect to that issue, the general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction after considering the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant argues that extraordinary and compelling circumstances warrant release in this case because COVID-19 is spreading throughout the facility where he is incarcerated, he has already contracted COVID-19 twice, and he has not been able to receive a COVID-19 vaccination. Dkt. 725.

The Court declines to exercise its discretion to find that extraordinary and compelling reasons warrant release in this case. On July 12, 2021, Defendant—who was represented by counsel—admitted to violating the terms of his supervised release by unlawfully using controlled substances, resulting in multiple positive drug tests. Dkt. 693. The parties agreed that the range of imprisonment applicable was three-to-nine months' imprisonment. *Id.* Defendant's counsel argued for a three-month sentence, but, after considering the sentencing factors in 18 U.S.C. § 3553(a), the presiding Magistrate Judge recommended that he be sentenced to six months of imprisonment. *Id.* Defendant did not object to the recommendation, and the Court adopted it on July 30, 2021. Dkt. 700. Judgment entered on August 4, 2021. Dkt. 703.

About halfway into his sentence, Defendant filed the current motion for release. In the specific circumstances of this case, the Court declines to find that the risk from the COVID-19 pandemic constitutes an extraordinary and compelling reason warrant release. As explained above, about nine months ago, Defendant admitted to violating the terms of his supervised release and failed to object when the Magistrate Judge recommended a six-month term of imprisonment. At that time, all parties involved certainly understood the risks associated with the COVID-19 pandemic, particularly to unvaccinated people like Defendant. Despite this, the Court sentenced him to six months of imprisonment. Nothing has changed since that time, and—in the unique circumstances of this case—the dangers of the COVID-19 pandemic are not an extraordinary and compelling reason warranting release under § 3582(c)(1)(A).

In addition, even if the dangers of the COVID-19 pandemic could be an extraordinary and compelling reason warranting relief in this case, the Magistrate Judge weighed the § 3553(a) factors about nine months ago and found a six-month sentence to be appropriate. *See* dkt. 693. Again, nothing has changed since that time other than that Defendant has served about half of his six-month sentence. Too little time has passed to conclude that the § 3553(a) factors now warrant release.

Accordingly, Defendant's motion for compassionate release, dkt. [725], is **denied**.

IT IS SO ORDERED.

Dated: 4/11/2022

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric King
#229476
Grayson County Detention Center
320 Shaw Station Rd.
Leitchfield, KY 42754

All Electronically Registered Counsel